# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

LIHESIS SARAI VELIZ-PINA,

                Petitioner,

     v.

FERETI SEMAIA, et al.,

             Respondents.

Case No. 5:26-cv-02338-MBK

AMENDED ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Lihesis Sarai Veliz-Pina is in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. In this habeas action, Ms. Veliz-Pina challenges her ongoing detention without a bond hearing. Respondents do not contest that Petitioner is eligible for a bond hearing as a member of the Bond Eligible Class certified in *Maldonado Bautista*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.) and that she is not subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E). For the reasons that follow, the Court GRANTS the petition and issues a writ of habeas corpus

requiring Respondents to provide Petitioner with a bond hearing within seven (7) days.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Lihesis Sarai Veliz-Pina is a native and citizen of Venezuela who entered the United States on May 6, 2023, without inspection. Dkt. 1 at 5. Immigration authorities apprehended her shortly thereafter, issued her a Notice to Appear charging her as present without admission under 8 U.S.C. § 1182(a)(6)(A)(i), and released on her own recognizance. *Id.* at 5-6. Her removal proceedings are ongoing in immigration court. Petitioner alleges that she has complied with the terms of her release.

During her time in the United States, Ms. Veliz-Pina developed a business relationship with a man who also wanted a romantic relationship. Dkt. 1 at 7. She claims that after she declined his romantic advances, he filed a complaint against her for unauthorized use of a credit card. *Id.* The State of Utah charged Petitioner with a felony for unauthorized use of credit card, but the case was subsequently dismissed on February 26, 2026, after the charges were found to be factually unsupported and the man's complaint retaliatory in nature. *Id.* at 7-8, 14.

On February 28, 2026, ICE took custody of Petitioner and transferred her to the Adelanto Processing Facility, where she remains in custody. *Id.* at 8. Petitioner has not been afforded any hearing to determine whether she poses a danger to the community or is a flight risk. *Id.*

On May 4, 2026, Ms. Veliz-Pina filed the instant Petition. She alleges that her detention violates 8 U.S.C. § 1226(a), the Fourth and Fifth Amendments, and the principles of retroactivity and *ex post facto* detention. *Id.* at 20-24. Petitioner requests that the Court order a bond hearing within

2

seven (7) days, and if such a hearing is not timely provided, order her immediate release from custody. *Id.* at 25. Also on May 4, the Court entered the Notice of General Order 26-05 and a Briefing Schedule. Dkt. 6.

On May 11, 2026, Respondents answered the Petition. They contend that during the time of her release, Petitioner was arrested for various criminal offenses in Georgia and Utah. Dkt. 9 at 2. Respondents contend that "[t]o the extent Petitioner would be entitled to any remedy, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." *Id.* Respondents otherwise do not contest the Petition.

## II.   DISCUSSION

Because the parties appear to agree that Petitioner is eligible for a bond hearing, the Court will grant the Petition and order Respondents to provide a bond hearing within seven days.

Respondents do not contest that Petitioner is a member of the *Maldonado Bautista* Bond Eligible Class as someone who entered the United States without inspection. As such, the final judgment in *Maldonado Bautista* has preclusive effect here because Petitioner and Respondents are parties in *Maldonado Bautista. See Granados v. Warden et al.*, No. 5:26-CV-00670-AH-DFM, 2026 WL 852211, at *3 (C.D. Cal. Mar. 25, 2026) ("it appears that Respondents are precluded from relitigating whether "Bond Eligible Class" members—such as Petitioner—are entitled to the relief provided in the Bautista final judgment"); *Miguel Angel Cortez Lozano v. Ernesto Santacruz Jr. et al.*, No. 5:26-cv-00313-SSS-BFM, 2026 WL 325462, at *4 (C.D. Cal. Feb. 4, 2026). *See generally De Corral v. Woosley*, No. 4:25-cv-145-BJB, 2026 WL 524778, at *3 (W.D. Ky. Feb. 25, 2026) ("Under settled principles of collateral estoppel, the Central District's final declaratory judgment binds the parties

3

'with respect to the matters declared.'") (quoting Restatement (Second) of Judgments § 33). Accordingly, Petitioner is entitled to the relief required by the *Maldonado Bautista* final judgment—namely, a bond hearing under Section 1226(a).

The Court finds it appropriate to briefly address the application of the Laken Riley Act ("LRA"), as it is raised in the Petition. Dkt. 1 at 20. Section 1226(c) "carves out a statutory category of aliens who may not be released under § 1226(a)," mandating detention for a noncitizen apprehended under § 1226 "who falls into one of several enumerated categories involving criminal offenses." *Jennings v. Rodriguez*, 538 U.S. 281, 289 (2018). In January 2025, the LRA added a new category of persons subject to mandatory detention under § 1226(c): an individual who is "inadmissible" on certain grounds and "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." LRA, Pub. L. No. 119-1 (Jan. 29, 2025); *see* 8 U.S.C. § 1226(c)(1)(E).

Respondents did not explicitly raise the LRA as the basis for Petitioner's re-detention but did list her alleged criminal offenses occurring after her initial release, including the Utah credit card charge. Even assuming that the Utah charge contains "the essential elements of any burglary, theft, [or] larceny," the LRA does not apply to the charge because it has been dismissed. The LRA applies where someone "*is* charged" with a listed offense. Congress therefore chose only to subject individuals to mandatory detention where they are presently facing charges. *See Stanley v. City of Sanford*, 145 S. Ct. 2058, 2063 (2025); ("To ascertain a statute's temporal reach, this Court has frequently looked to Congress' choice of verb tense.") (cleaned up). "Under

4

common usage of the English language, if criminal charges against someone have been dropped, we would not continue to say the person 'is charged with' that crime, present tense." *Helbrum v. Williams Olson*, No. 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *5-6 (S.D. Iowa Sep. 30, 2025); *Hairo v. Crawford*, No. 2:25cv704, 2026 WL 286176, at *2 (E.D. Va. Feb. 3, 2026) (same); *Matute v. Jamison*, No. 2:25-cv-07093, 2026 WL 461557, at * 5 (E.D. Pa. Feb. 18, 2026) (same).

Because Petitioner is not arrested, charged with, or convicted of any qualifying offense, Section 1226(c)(1)(E) does not apply. *See Pereira v. Warden*, No. 1:26-cv-01480-DJC-JDP, 2026 WL 1272714, at *1, n.1 (E.D. Cal. May 8, 2026) ("The Government also argued that Petitioner is subject to mandatory detention under the Laken Riley Act, but as these charges were dismissed, the Laken Riley Act would not apply.") (citing *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026)). Accordingly, she is entitled to a bond hearing under Section 1226(a).

## III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that: (1) Judgment be entered granting the Petition; (2) Respondents are enjoined from continuing to detain Petitioner Veliz-Pina unless she is provided with an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order; and (3) Respondents shall file a status report within ten (10) days regarding their compliance with this order.

Dated: May 13, 2026

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE